UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| CHARLIE LEROY DEMORANVILLE, | : : : : | |
| plaintiff, | : : | |
| v. | : : | CASE NO. 3:18-cv-01930(RAR) |
| ANDREW SAUL,[1] COMMISSIONER OF SOCIAL SECURITY, | : : : : | |
| defendant. | : : | |

## RULING ON PENDING MOTIONS

Charlie Leroy Demoranville ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated September 18, 2015. Plaintiff timely appealed to this court. Currently pending are plaintiff's motion for an order reversing and remanding his case for a hearing (Dkt. #14-2) and defendant's motion to affirm the decision of the Commissioner. (Dkt. #15.)

---

[1] Andrew Saul is the new Commissioner of Social Security and has been added as a party automatically.

For the reasons that follow, the plaintiff's motion to reverse, or in the alternative, remand is GRANTED and the Commissioner's motion to affirm is DENIED.

**STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be

2

sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

The Social Security Act("SSA") provides that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled,

3

In order to be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[3]

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits under Title II on June 23, 2015. (R. 195.)[4] Plaintiff alleged a disability onset date of April 22, 2015. (R. 90.) At the time of application, plaintiff alleged that he suffered from

---

without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work." Id.

[4] The Court cites pages within the administrative record as "R. ___."

4

precancerous polyps in his colon, arthritis in his back and left shoulder, stomach and urinary problems, a spot on his lung, and high blood pressure. (R. 90.) The initial application was denied on September 18, 2015, and again on March 30, 2016, upon reconsideration. (R. 90-97, 99-104.) Plaintiff then filed for an administrative hearing which was held by ALJ V.P. McGinn (hereinafter the "ALJ") on September 26, 2017. (R. 32-61.) The ALJ issued an unfavorable decision on October 27, 2017. (R. 12-25.) On October 31, 2017, plaintiff sought a review by the Appeals Council, which was denied on September 25, 2018. (R. 1-6.) Plaintiff then filed this action seeking judicial review. (Dkt. #14-2.)

## DISCUSSION

Plaintiff asserts that he is entitled to remand because the ALJ was not properly appointed; the ALJ's determinations at step two and five are not supported by substantial evidence; and the ALJ failed to develop the record. (Pl. Br. 1, 8, 17, 18.) The Court finds that although plaintiff's challenge regarding the ALJ's appointment was untimely and the ALJ's step two decision was supported by substantial evidence, the ALJ failed to develop the record. The Court therefore remands the ALJ's decision without considering plaintiff's remaining claims.

5

I. Plaintiff's Challenge Regarding the ALJ's Appointment Is Untimely

Plaintiff asserts that because the ALJ was not properly appointed when he decided the case, plaintiff is entitled to a new hearing. The Court disagrees.

The Supreme Court recently provided that the Securities and Exchange Commission ALJs are "'[o]fficers of the United States,' subject to the Appointment Clause." Lucia v. S.E.C., 138 S.Ct. 2044, 2055 (2018). District Courts have since applied Lucia to Social Security Administration ALJs and have required their appointment to conform with the Appointments Clause of the United States Constitution. See Williams v. Berryhill, No. 17-CV-1660 (JMA), 2019 WL 1271647, at *6 (E.D.N.Y. Mar. 19, 2019); Bonilla-Bukhari v. Berryhill, 357 F.Supp.3d 341, 349–350 (S.D.N.Y. 2019).

"'[O]ne who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." Lucia, 138 S.Ct. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182–183 (1995)(emphasis added)). Accordingly, "Social Security claimants are entitled to a Lucia rehearing, only if they raised their Appointments Clause arguments during their agency hearing or appeal." Johnson v. Berryhill, No. 3:17-cv-1651(VAB), 2019 WL 1430242, at

6

*14 (D. Conn. Mar. 29, 2019); see also Williams, 2019 WL 1271647, at *6; Bonilla-Bukhari, 357 F.Supp.3d at 349-350.

The ALJ presided over the claim on September 26, 2017 and issued a decision on October 27, 2017. (R. 12-31; 32-61.) The ALJ was not properly appointed until eight months after deciding plaintiff's claim. (Pl. Br. 19.) Plaintiff asserts that he is entitled to a new hearing because the ALJ was not properly appointed and therefore lacked the authority to hear and decide his claim. (Pl. Br. 18.) Plaintiff failed to raise this issue during the administrative proceeding, rendering his challenge untimely. See Johnson, 2019 WL 1430242, at *14; Bonilla-Bukhari, 357 F.Supp.3d at 349; Allen v. Berryhill, No. 17-CV-03414-HSG, 2019 WL 1438845, at *13 (N.D. Cal. Mar. 31, 2019); Lee v. Berryhill, No. 2:18CV214, 2019 WL 1299366, at *1 (E.D. Va. Mar. 21, 2019); Catherine V. v. Berryhill, No. CV 17-3257 (DWF/LIB), 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019). Therefore, his argument is rejected.

  II. The ALJ's Step Two Determination is Supported by Substantial Evidence and the Analysis of Plaintiff's Non-Severe Impairments During Plaintiff's Residual Functional Capacity Determination was Proper

Plaintiff argues that the ALJ's determination at step two is unsupported by substantial evidence. Plaintiff also asserts that the ALJ erred by failing to consider plaintiff's non-severe

7

impairments in plaintiff's residual functional capacity (hereinafter "RFC") analysis. The Court disagrees.

When an individual's impairment does not meet or equal a listed impairment, the ALJ will "make a finding [of the individual's] residual functional capacity based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 404.1520(e). An individual's RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). Plaintiff has the burden of establishing a diminished RFC. See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004).

Further, the plaintiff "has the burden of establishing that [he] has a 'severe impairment,' which is 'any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work.'" Woodmancy v. Colvin, 577 Fed. Appx. 72, 74 (2d Cir. 2014)(quoting 20 C.F.R. § 416.920(c))(alterations in original). A mere diagnosis of a disease or impairment is insufficient, the evidence must demonstrate that such impairment is severe. See Rivers v. Astrue, 280 Fed. Appx. 20, 22 (2d Cir. 2008).

First, while plaintiff asserts that the ALJ's findings at step two are unsupported, plaintiff does not state that plaintiff's COPD, tubular adenoma of the colon, gastric ulcer/ esophageal reflux, and pulmonary nodule are severe impairments.

8

Accordingly, plaintiff does not provide any evidence or present any argument that those impairments are severe. Indeed, "[a] lack of supporting evidence on a matter for which the [plaintiff] bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits." Eusepi v. Colvin, 595 Fed. Appx. 7, 8 (2d Cir. 2014) (citing Talavera v. Astrue, 697 F.3d 145, 153 (2d Cir. 2012)).

Regardless, the ALJ's determination was supported by substantial evidence. The ALJ noted that plaintiff's gastric ulcer/ esophageal reflux was being managed with medication and plaintiff's pulmonary nodes were stable. (R. 18, 388, 400, 454, 458, 459, 502.) Regarding plaintiff's mild COPD, on June 1, 2015, plaintiff reported that he experiences only an occasional cough. (R. 388.) Throughout 2016, the evidence in the record shows that Plaintiff's COPD was improving and managed by medication. (R. 598, 604, 606.) The ALJ also noted that plaintiff reported no coughing, wheezing, or shortness of breath in August 2017. (R. 18, 388, 464, 630.)

Plaintiff has not shown that the relevant evidence precludes a reasonable mind from finding that his COPD, tubular adenoma of the colon, gastric ulcer/ esophageal reflux, and pulmonary nodule are non-severe impairments. Plaintiff has thus failed to demonstrate that the ALJ's determination is

unsupported by substantial evidence. Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). The ALJ's determination is therefore supported by substantial evidence.

Second, any potential error was harmless because the ALJ made clear that he considered "all of [plaintiff's] medically determinable impairments, including those that are nonsevere." (R. 20); see O'Connell v. Colvin, 558 Fed. Appx. 63, 65 (2d Cir. 2014); Reices-Colon v. Astrue, 523 Fed. Appx. 796, 798 (2d Cir. 2013); Stanton v. Astrue, 370 Fed. Appx. 231, 233 n.1 (2d Cir. 2010). Therefore, any error in the ALJ's determination of severity regarding plaintiff's RFC was harmless.

Thus, although the ALJ did not err at step two, if there was, the error was harmless. As such, the ALJ's determination that plaintiff's COPD, tubular adenoma of the colon, gastric ulcer/ esophageal reflux, and pulmonary nodule are non-severe is affirmed.

III. The ALJ failed to develop the Record

Plaintiff asserts that the ALJ erred by failing to consider the evidence of treating physicians, Doctors Osnaga and Nichols, and failing to request an opinion from them summarizing plaintiff's RFC limitations. (Pl. Br. 10-18.) The Court agrees that the ALJ had an obligation to obtain opinions from plaintiff's treating physicians.

An ALJ has the affirmative duty to develop the record "in light of 'the essentially non-adversarial nature of a benefits proceeding.'" Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (quoting Echevarria v. Secretary of HHS, 685 F.2d 751, 755 (2d Cir. 1982)); see also Swiantek v. Commissioner, 588 F. App'x 82, 83-84 (2d Cir. 2015). "When an unsuccessful claimant files a civil action on the ground of inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, No. 3:10-cv-937(CFD), 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94 F.3d 34, 37–38 (2d Cir. 1996)).

The regulations make clear that while the ALJ "will ordinarily request a medical opinion as part of the consultative examination process, the absence of a medical opinion in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n. However, the ALJ "will not request a consultative examination until [she has] made every reasonable effort to obtain evidence from [the claimant's] own medical sources." 20 C.F.R. § 404.1512.

A court must remand "where 'the medical records obtained by the ALJ do not shed any light on the [claimant's RFC], and [where] the consulting doctors did not personally evaluate' the claimant." Martinez v. Berryhill, No. 3:17-cv-843 (SRU), 2019 WL 1199393, at *11 (D. Conn. Mar. 14, 2019) (quoting Guillen v.

11

Berryhill, 697 F. App'x 107, 108-09 (2d Cir. 2017) (summary order)). "The record is insufficient when '[t]he medical records discuss [the claimant's] illnesses and suggest treatment for them, but offer no insight into how [the] impairments affect or do not affect [the claimant's] ability to work, or [his] ability to undertake the activities of daily life.'" Martinez, 2019 WL 1199393, at *11 (alterations in original) (quoting Guillen, 697 F. App'x at 109).

In this instance, the medical records do not shed light on plaintiff's RFC because the record contains only medical records discussing plaintiff's illnesses and treatment. The ALJ noted that the record contained no opinions from any treating or examining physicians, nor was there any analysis of plaintiff's impairments by a treating physician or the work-related restrictions they would recommend based on plaintiff's impairments.[5] (R. 21-22.) Further, the ALJ based much of the RFC determination on plaintiff's testimony, rather than plaintiff's medical records. See (R. 21-22.)

---

[5] See Guillen v. Berryhill, 697 F. App'x 107, 109 (2d Cir. 2017) (summary order)(remanding where the medical records obtained by the ALJ did not shed any light on the claimant's RFC, the state agency consultants did not personally evaluate the plaintiff, and medical records offered no insight into how the claimant's impairments affected or did not affect her ability to work or her ability to perform her activities of everyday life).

12

Second, the ALJ's RFC determination amounts to a series of assumptions made based on gaps in the record. (R. 21–22.) The ALJ assumes that plaintiff is not disabled because there is no referral to a specialist. (R. 21.) The ALJ also assumes that the plaintiff is not in pain because there is no evidence of aggressive treatment. (R. 21.) The ALJ states that the lack of opinion testimony by plaintiff's treating physician suggests plaintiff is not actually disabled. (R. 22.) While the ALJ is permitted to draw reasonable conclusions and resolve gaps in the record, the ALJ cannot disregard the facts in the record and use holes in the record to support unfounded conclusions.

Finally, the record was so insufficient that the ALJ brought in a medical expert, Dr. Kaplan. (R. 21–22, 34.) The ALJ assigned Dr. Kaplan's opinion great weight, determining it was consistent with the record. (R. 22.) However, the Code of Federal Regulations stablishes that the ALJ must seek opinion evidence from plaintiff's treating physician before seeking the opinion of a non-examining physician. 20 C.F.R. § 404.1512. The ALJ cannot be said to have made "every reasonable effort to obtain evidence from [the claimant's] own medical sources" where the ALJ does not notify the parties of the gap in the record or request an opinion from the treating physician. Id.

The record was therefore insufficient because plaintiff's medical records do not offer insight into how plaintiff's

13

impairments affect his ability to work. See Martinez, 2019 WL 1199393, at *11; see also Angelico v. Colvin, Civ. No. 3:15-CV-00831(SRU)(JGM), ECF No.17 at 33-34 (D. Conn. Feb. 8, 2017). Further, remand is necessary because the medical records obtained do not shed light on plaintiff's RFC and because Dr. Kaplan did not personally examine plaintiff. Id. On remand, the ALJ should attempt to obtain statements from plaintiff's treating physician(s) regarding his physical RFC.

IV. The Court Will Not Consider Plaintiff's Remaining Challenge to the Vocational Expert's Testimony

In light of the Court's findings above, the Court need not reach the merits of plaintiff's remaining arguments. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this Ruling. On remand, the Commissioner will address the other claims of error not discussed herein.[6]

## CONCLUSION

Based on the foregoing reasons, plaintiff's motion for an order to remand the Commissioner's decision (Dkt. #14-2) is GRANTED and the Commissioner's motion to affirm that decision (Dkt. #15) is DENEID.

---

[6] The Court offers no opinion on whether the ALJ should or will find plaintiff disabled on remand. Rather the Court finds remand is appropriate to permit the ALJ to obtain a particularized statement from plaintiff's treating physician concerning her physical residual functional capacity.

14

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment.  See 28 U.S.C. § 636(c)(3).

SO ORDERED this 10th day of December, 2019, at Hartford, Connecticut.

                                                              /s/
                                        Robert A. Richardson
                                        United States Magistrate Judge